UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Christopher Jacob Stevens,<br><br>　　　　　　Plaintiff(s),<br><br>vs.<br><br>Lincoln Co. Sheriffs Office, et al.,<br><br>　　　　　　Defendant(s). | 2:24-cv-02340-RFB-MDC<br><br>**ORDER DENYING IFP AND DISMISSING COMPLAINT WITHOUT PREJUDICE** |

Pending before the Court is *pro se* plaintiff Christopher J. Steven's *Motion/Application to Proceed In Forma Pauperis* ("IFP") (ECF No. 2) and Complaint (ECF No. 2-1). For the reasons stated below, the Court DENIES the IFP application and DISMISSES the Complaint without prejudice.

### DISCUSSION

### I.  IFP APPLICATION

    **A.  Legal Standard**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." If the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), as amended by the Prison Litigation Reform Act ("PLRA"), he must pay the entire fee in installments, regardless of whether his action is ultimately dismissed. See 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under the PLRA, a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner

has no assets. See 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. See 28 U.S.C. § 1915(b)(2). Even if this action is dismissed, the prisoner must still pay the full filing fee pursuant to § 1915(b) and the monthly payments from his inmate account will continue until the balance is paid.

For an inmate to apply for in forma pauperis status, the inmate must submit all three of the following documents to the Court: (1) a completed Application to Proceed in Forma Pauperis for Inmate, which is pages 1–3 of the Court's approved form, that is properly signed by the inmate twice on page 3; (2) a completed Financial Certificate, which is page 4 of the Court's approved form, that is properly signed by both the inmate and a prison or jail official; and (3) a copy of the inmate's prison or jail trust fund account statement for the previous six-month period. See 28 U.S.C. § 1915(a)(1)–(2); Nev. Loc. R. Prac. LSR 1-2.

**B. Analysis**

Plaintiff is a prisoner under the PLRA. "[T]h term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h). Plaintiff states in his IFP application that he is "incarcerated" at Lincoln County Detention Center. Therefore, plaintiff was required to complete the IFP application for incarcerated individuals. Plaintiff did not do so, and instead completed the non-inmate short form IFP application. Thus, the Court denies plaintiff's IFP application but does so without prejudice. Plaintiff may file the appropriate IFP application in compliance with the PLRA and the Local Rules.

//

//

## II. COMPLAINT

### A. Legal Standard

When a plaintiff seeks to proceed IFP, the court must screen the complaint or the amended complaint purporting to cure any defects of the original complaint. 28 U.S.C. § 1915(e). "The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

The Federal Rules of Civil Procedure Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirement, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). Dismissal for failure to state a claim under § 1915 incorporates the same standard for failure to state a claim under Federal Rule of Civil Procedure Rule 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). A complaint should be dismissed under Rule 12(b)(6) "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of her claims that would entitle him to relief." *Buckley v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"A document filed pro se is "to be liberally construed" and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal citations omitted). If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, **unless** it is clear from

the face of the complaint that deficiencies could not be cured through amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (emphasis added).

### B. Analysis

#### a. Rule 8 – Notice Pleading

Plaintiff's Complaint fails to satisfy the "short plaint statement" requirement of Rule 8 of the Federal Rules of Civil Procedure. The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirement, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). To satisfy the Rule 8 requirement, plaintiff must provide enough information would give defendants the notice required under Rule 8. *See Erickson*, 551 U.S. at 93 ("Specific facts are not necessary, the statement need only 'give the defendant fair notice of what the…claim is and the grounds upon which it rests.'") (internal citations omitted). Plaintiff failed to do so here. Instead, he provides a summary of seemingly unrelated events pertaining to his pre-trial custody, trial dates, and health matters that occurred within a vague time period but provides no clear, or at the very least distinguishable, nexus between the "facts" and his claims.

The Supreme Court in *Erickson* requires "[a] document filed *pro se*…be liberally construed" and a pro se complaint, however inartfully pleaded held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94. However, "[c]ourts are not required to conjure allegations on behalf of pro se filers." *Coney v. Lozo*, 2024 U.S. Dist. LEXIS 89865, at *5 (D. Nev. May 20, 2024) (internal citations omitted). In other words, "[t]he courts cannot assume the role of advocates and create arguments never made." *Donahue v. United States*, 660 F.3d 523, 524 (1st Cir. 2011); *see also Jacobsen v. Filler*, 790 F.2d 1362, 1364-66 (9th Cir. 1986)); *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993) ("[A] federal court is not required to construct legal arguments for a pro se petitioner."). The Court cannot and will not construe an argument where none can be distinguished.

//

b. **Section 1983 vs Habeas**

From what little can be discerned form plaintiff's Complaint, the Court also notes that it is unclear whether plaintiff intends to bring his claims under 42 U.S.C. § 1983 or as a habeas petition. Plaintiff alleges "wrongful incarceration," "due process" violations, and "writ pre-trial habeas corpus probable cause." ECF No. 2-1. This makes it unclear under what statutory basis plaintiff is bringing his claims. Plaintiff cannot pursue both types of claims in the same case. *See Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (reiterating that "habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a § 1983 action"); *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) (holding that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration"). Plaintiff may pursue either his § 1983 complaint or his habeas petition in this case but not both. He may file the other action in a separate case. Therefore, the Court dismisses plaintiff's claims so that he can clarify under what basis he is bringing his claims.

c. **Immunity And "Non-entities"**

Plaintiff named defendants who are immune under the Eleventh Amendment. *See* ECF No. 2-1. The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "Under the Eleventh Amendment, agencies of the state are immune from private damage actions or suits for injunctive relief brought in federal court." *Mitchell v. Los Angeles Community College Dist.*, 861 F.2d 198, 201 (9th Cir. 1988) (citing *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100, 79 L. Ed. 2d 67, 104 S. Ct. 900 (1984)). Thus, "[a] suit generally may not be maintained directly against the State itself, or against an agency or department of the State, unless the State has waived its sovereign

immunity." *Fla. Dep't of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 684, 102 S. Ct. 3304, 73 L. Ed. 2d 1057 (1982). "[T]he test for waiver is a stringent one. A state waives its immunity when it voluntarily invokes federal jurisdiction or makes a clear declaration that it intends to submit itself to federal jurisdiction." *Bank of Lake Tahoe v. Bank of Am.*, 318 f.3d 914, 917 (9th Cir. 2003) (internal citations and quotation marks omitted). While the State of Nevada may have waived its sovereign immunity for state tort actions in state court, it has **not** waived its immunity in federal court. Nev. Rev. Stat. § 41.031(1); *see O'Connor v. State of Nev.*, 686 F.2d 749, 750 (9th Cir. 1982) (holding that "Nevada has explicitly refused to waive its immunity to suit under the eleventh amendment . . .). Therefore, the State of Nevada and the arms of the state are afforded Eleventh Amendment immunity in federal court.

      Plaintiff names the Lincoln County Justice Court and the Lincoln County District Court in his Complaint. ECF No. 2-1 at 1. However, both Lincoln County Justice Court and Lincoln County District Court are immune under the Eleventh Amendment. *See Crowe v. Or. State Bar*, 989 F.3d 714, 730 (9th Cir. 2021) (The Eleventh Amendment bars federal suits against states as well as arms of the state, "regardless of the nature of relief sought.") (citing *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984)); *see also* S*immons v. Sacramento County Superior Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003) (state courts are "arms of the state" and entitled to Eleventh Amendment immunity); *Heckman v. Dodd*, 2011 U.S. Dist. LEXIS 157378, at *9 (D. Nev. May 2, 2011) ("Under Article 6, Section 1 of the Nevada Constitution, the judicial power of the State of Nevada is vested in a court system comprised of the state supreme court, the state district courts, and the justice courts."). Therefore, plaintiff's claims against the Lincoln County Justice and District Courts must be dismissed as a matter of law.

      Plaintiff also named defendants who are considered "non-entities" and therefore cannot sue or be sued. ECF No. 2-1 at 1. The Lincoln County Detention Center and Lincoln County Sheriff's Office are considered non-entities. *See e.g., Weible v. Defendants*, 2022 U.S. Dist. LEXIS 199497, at *8-9 (D. Nev.

Sept. 27, 2022) (holding that a detention center is a building and thus is not an entity subject to suit); *Zito v. Sullivan*, 2024 U.S. Dist. LEXIS 159276, at *6-7 (D. Nev. Sept. 5, 2024) ("A public agency is not a person or entity subject to suit unless that agency is a separate legal entity." ) (citing *Hervey v. Estes*, 65 F.3d 784, 791-92 (9th Cir. 1995); While a county is a political subdivision of a state and is considered a legal subject to suit, a department of county, may not be sued absent statutory authorization. *Zito, 2024* U.S. Dist. LEXIS 159276, at *6-7; *Schneider v. Elko County Sheriff's Dep't*, 17 F.Supp.2d 1162, 1165 (D. Nev. 1998) (finding that Elko County Sheriff's Department lacked capacity to be sued). Furthermore, "[a] public agency is not a person or entity subject to suit unless that agency is a separate legal entity. Therefore, plaintiff's claims against the Lincoln County Detention Center and Lincoln County Sheriff's Office must be dismissed as a matter of law.

Should plaintiff wish to allege claims against those defendants, he should name Lincoln County in place of them. *See e.g., Zito*, 2024 U.S. Dist. LEXIS 159276, at *7 ("While Washoe County might be a proper defendant in place of the Washoe County Sheriff's Office or the Sparks Justice Court, a municipality may be only be liable for the infringement of constitutional rights under certain circumstances.") (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-95, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)).

      a. *Younger* **Doctrine**

Even if plaintiff can cure the mentioned deficiencies, his claims may still be barred as a matter of law. Based on plaintiff's claims, it appears that there is an ongoing state criminal case in Lincoln County. Thus, this Court may be barred from interfering under the *Younger* abstention doctrine.

Principles of comity and federalism require federal courts to abstain from intervening in pending state criminal proceedings absent extraordinary circumstances. *See Younger v. Harris*, 401 U.S. 37, 43-54, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971); *Gilbertson v. Albright*, 381 F.3d 965 (9th Cir. 2004) (federal courts generally abstain from granting any relief that would interfere with pending state judicial proceedings. *Younger* abstention is required if the following elements are met: (1) state proceedings are

ongoing; (2) the state proceedings implicate important state interests; (3) the state proceedings provide the federal litigant an adequate opportunity to raise the federal claims; and (4) the federal proceedings would interfere with the state proceedings in a way that *Younger* disapproves. *San Jose Silicon Valley Chamber of Com. Pol. Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008). An exception to *Younger* abstention exists if there is a "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 435, 102 S. Ct. 2515, 73 L. Ed. 2d 116 (1982); *see also Perez v. Ledesma*, 401 U.S. 82, 85, 91 S. Ct. 674, 27 L. Ed. 2d 701 (1971).

Here, it appears that all of *Younger* abstention elements have been met. First, there appears to be an ongoing state criminal case against plaintiff.[1] *See* ECF No. 2-1. Second, state criminal proceedings implicate important state interests. *See Kelly v. Robinson*, 479 U.S. 36, 49, 107 S. Ct. 353, 93 L. Ed. 2d 216 (1986) ("[T]he States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief."). Third, the state proceedings provide plaintiff an adequate opportunity to raise his constitutional claims, including trial and state appellate review. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15, 107 S. Ct. 1519, 95 L. Ed. 2d 1 (1987) (holding that federal courts should assume that state procedures will afford adequate opportunity for consideration of constitutional claims "in the absence of unambiguous authority to the contrary"). Fourth, plaintiff's claims threaten to interfere with the state criminal proceedings in a manner that *Younger* disapproves. *See Baffert v. Cal. Horse Racing Bd.*, 332 F.3d 613, 617 (9th Cir. 2003) (concluding that the fact that a state proceeding is ongoing would necessarily mean interference by a federal court). Finally, plaintiff does not allege any exceptional circumstances and irreparable harm to warrant an exception to the abstention. Thus, should plaintiff choose to amend his complaint he must either show [1] that there is no ongoing state proceeding related

---

[1] Although it is unclear whether the state criminal proceeding is ongoing, plaintiff does allege at least to the existence of a state criminal case.

to his claims or [2] that exceptional circumstances and a threat of irreparable harm exists to warrant an exception to the abstention doctrine.

## II.  CONCLUSION

Because plaintiff's IFP application and Complaint are both deficient, dismissal and denial are, respectively, appropriate. However, the Court does so without prejudice to give plaintiff a chance to cure his deficiencies.

ACCORDINGLY,

**IT IS ORDERED that:**

1. The IFP application (ECF No. 2) is DENIED WITHOUT PREJUDICE.

2. Plaintiff has until **February 20, 2025,** either pay the full $405 filing fee or file a fully complete application to proceed in forma pauperis with all three required documents: (1) a completed application with the inmate's two signatures on page 3, (2) a completed financial certificate that is signed both by the inmate and the prison or jail official, and (3) a copy of the inmate's trust fund account statement for the previous six-month period.

3. The Clerk of Court is kindly directed to **seal** plaintiff's IFP application (ECF No. 2) because plaintiff provides personal-data identifiable information.

4. Plaintiff is cautioned that he must not include such personal-data identifiable information in his new IFP application or Complaint. Plaintiff should review LR IC 6-1 for the types of information he must avoid including in public filings.

5. The Complaint (ECF No. 2-1) is DISMISSED without prejudice as stated in the order.

6. Plaintiff has until **February 20, 2025,** to file an amended complaint addressing the issue addressed above.

7. If Plaintiff files an amended complaint, the Clerk of Court is directed NOT to issue summons on the amended complaint. The Court will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable.

8. If Plaintiff chooses to file an amended complaint, he must use the approved form and write the words "First Amended" in the caption.

9. The Clerk of Court is kindly directed to send to Plaintiff:

    a. The approved form for filing an inmate IFP application;

    b. The approved form for filing a § 1983 complaint and instructions for the same;

    c. The approved form for filing a habeas petition and instructions for the same;

    d. A copy of his original complaint (ECF No. 2-1); and

    e. A copy of this Order.

10. Failure to timely comply with this Order may result in a recommendation that this case be dismissed.

DATED this 19th day of December 2024.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.