**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Christopher Jacob Stevens, | No. **2:24-cv-02340-RFB-MDC** |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS (ECF NO. 5) AND DIRECTING PLAINTIFF TO INDICATE IF HE WISHES TO PURSUE HIS SECTION 1983 OR HABEAS CLAIM.** |
| vs. | |
| Lincoln Co. Sheriffs Office, *et al.*, | |
| Defendants. | |

Pending before the Court is *pro se* plaintiff Christopher J. Steven's *Motion/Application to Proceed In Forma Pauperis* ("IFP") (ECF No. 5). On January 7, 2025, plaintiff filed his renewed IFP application following the Court's denial of plaintiff's prior IFP application and dismissal of plaintiff's prior complaint. *ECF No. 4*. On that same day, plaintiff also filed an Amended Complaint pursuant to 42 U.S.C. § 1983 (ECF No. 6) and a Petition for Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 8). For the reasons stated below, the Court DENIES the IFP application without prejudice. Plaintiff has until **December 1, 2025**, to file a renewed IFP application in accordance to this Order. Plaintiff also has until **December 1, 2025**, to file a notice indicating whether he: (1) wishes to pursue his § 1983 civil rights complaint (ECF No. 6) and strike his habeas petition (ECF No. 8) in this case; or (2) strike his § 1983 civil rights complaint and pursue his habeas petition.

**DISCUSSION**

**I.     IFP APPLICATION**

    **A.     Legal Standard**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." If the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), as amended by the Prison Litigation Reform Act ("PLRA"), he must pay the entire fee in installments,

1

1   regardless of whether his action is ultimately dismissed. See 28 U.S.C. § 1915(b)(1) & (2); *Taylor v.*

2   *Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

3          Under the PLRA, a prisoner seeking leave to proceed IFP must submit a "certified copy of the

4   trust fund account statement (or institutional equivalent) for the prisoner for the six-month period

5   immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d

6   1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court must assess an initial

7   payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the

8   average monthly balance in the account for the past six months, whichever is greater, unless the prisoner

9   has no assets. See 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the

10  prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any

11  month in which the prisoner's account exceeds $10, and forward those payments to the Court until the

12  entire filing fee is paid. See 28 U.S.C. § 1915(b)(2). Even if this action is dismissed, the prisoner must

13  still pay the full filing fee pursuant to § 1915(b) and the monthly payments from his inmate account will

14  continue until the balance is paid.

15         For an inmate to apply for in forma pauperis status, the inmate must submit all three of the

16  following documents to the Court: (1) a completed Application to Proceed in Forma Pauperis for

17  Inmate, which is pages 1–3 of the Court's approved form, that is properly signed by the inmate twice on

18  page 3; (2) a completed Financial Certificate, which is page 4 of the Court's approved form, that is

19  properly signed by both the inmate and a prison or jail official; and (3) a copy of the inmate's prison or

20  jail trust fund account statement for the previous six-month period. *See* 28 U.S.C. § 1915(a)(1)–(2); Nev.

21  Loc. R. Prac. LSR 1-2.

22      **B.     Analysis**

23         Plaintiff is a prisoner under the PLRA. "[T]h term "prisoner" means any person incarcerated or

24  detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for,

25

1    violations of criminal law or the terms and conditions of parole, probation, pretrial release, or

2    diversionary program." 28 U.S.C. § 1915(h). Plaintiff is incarcerated at Lincoln County Detention

3    Center. *See ECF No. 5* at 3. Therefore, plaintiff was required to submit all three documents to properly

4    proceed in forma pauperis as noted above. Plaintiff did not submit a copy of the inmate's prison or jail

5    trust fund account statement for the previous six-month period or state that he does not have such

6    accounts. *See* 28 U.S.C. § 1915(a)(1)–(2); Nev. Loc. R. Prac. LSR 1-2. Thus, the Court denies plaintiff's

7    IFP application without prejudice. Plaintiff must file **all** the appropriate documents in compliance with

8    the PLRA and the Local Rules or the Court may recommend that this case be dismissed.

9    **II.    PLAINTIFF CANNOT PURSUE BOTH A SECTION 1983 AND HABEAS ACTIONS IN**

10    **THE SAME CASE**

11    Plaintiff also cannot pursue both § 1983 and habeas actions in the same case. *See Nettles v.*

12    *Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (reiterating that "habeas is the exclusive vehicle for claims

13    brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a §

14    1983 action"); *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (holding that "a state prisoner's § 1983

15    action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no

16    matter the target of the prisoner's suit (state conduct leading to conviction or internal prison

17    proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or

18    its duration"). Plaintiff may pursue either his § 1983 complaint or his habeas petition in this case but not

19    both. He may file the other action in a separate case.

20    //

21    //

22    //

23    //

24    //

25

ACCORDINGLY,

**IT IS ORDERED that:**

1.  The IFP application (ECF No. 5) is DENIED WITHOUT PREJUDICE.

2.  Plaintiff has until **December 1, 2025,** either pay the full $405 filing fee or file a fully complete application to proceed in forma pauperis with all three required documents: (1) a completed application with the inmate's two signatures on page 3, (2) a completed financial certificate that is signed both by the inmate and the prison or jail official, and (3) a copy of his prison or jail trust fund account statement for the previous six-month period.

3.  The Clerk of Court is kindly directed to send to Plaintiff:

    a.  The approved form for filing an inmate IFP application, with directions on how to send a copy of his prison or jail trust fund account statement for the previous six-month period;

    b.  The approved form for filing a § 1983 complaint and instructions for the same;

    c.  The approved form for filing a habeas petition and instructions for the same;

    d.  A copy of this Order.

4.  Failure to timely comply with this Order may result in a recommendation that this case be dismissed.

5.  Plaintiff has until **December 1, 2025** to file a notice with the Court indicating whether he: (1) wishes to pursue his § 1983 civil rights complaint (ECF No. 6) and strike his habeas petition (ECF No. 8) in this case; or (2) strike his § 1983 civil rights complaint and pursue his habeas petition in this case.

4

6.  If Plaintiff fails to inform the Court whether he is pursuing his § 1983 civil rights complaint or habeas petition in this case, the Court may dismiss the entire case without prejudice because Plaintiff cannot pursue both actions simultaneously in the same case.

DATED: October 23, 2025

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.